William O. DORE, bringing the following action on his own behalf, and on behalf of all other persons similarly situated, Plaintiff-Appellant,

v.

Thomas J. KLEPPE, as administrator of the Small Business Administration, Defendant-Appellee.

No. 74–1614.

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1976.

Patrick D. Breeden, New Orleans, La., Joseph E. Defley, Jr., Port Sulphur, La., for plaintiff-appellant.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Robert E. Kopp, Stanton R. Koppel, Dept. of Justice, Washington, D. C., for defendant-appellee.

## ON PETITION FOR REHEARING

Before BROWN, Chief Judge, COLEMAN and DYER, Circuit Judges.

PER CURIAM:

█ On motion for petition for rehearing the Government seeks clarification as to admission of evidence on remand regarding the statute of limitations. We believe that our opinion, *Dore v. Kleppe,* 5 Cir., 1975, 522 F.2d 1369, adequately sets out that, as to plaintiffs outside the *Pottharst* class who had fully terminated their loans prior to May 1967, the statute of limitations is a bar. *Id.* at 1373.

█ As to the second point, concerning those members of the class whose loan agreements included language indicating the SBA position of partial forgiveness, we emphasize that the SBA's misinterpretation of a statute, even if included in the fine print of a loan agreement, cannot prevent citizens from the full recovery which Congress intended. We repeat and emphasize, a plaintiff could not have actual notice of the SBA action until the time his or her loan was fully terminated. *Dore v. Kleppe, supra* at 1373.

In all other respects the petition for rehearing is denied.