John E. FELLMER and Dennis L. Saak, Appellants,

v.

Merrill B. GRUBER, Appellee.

No. 59750.

Supreme Court of Iowa.

Jan. 18, 1978.

Redfern, McKinley, Olsen & Mason, Cedar Falls, for appellants.

Laird & Laird, Waverly, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

This appeal involves a dispute over the right to insurance proceeds. The case was tried as an equitable action, and the trial court entered judgment for plaintiffs in the amount of $2,750.00. Plaintiffs appeal, and we reverse.

We set out briefly the background facts upon which this dispute depends. On May 14, 1974, defendant, Merrill B. Gruber, sold approximately 14 acres of real estate to John E. Fellmer and Dennis L. Saak under contract. The total purchase price was $24,000.00, of which $3,000.00 was to be paid down. The balance was to be paid in installments over a period of years. The contract provided among other things that Gruber should maintain insurance until the possession date—January 1, 1975. The contract was later orally amended to postpone the date of possession to April 1, 1975. The amendment obligated Gruber to maintain

insurance on the property until possession was delivered, which he did.

On January 12, 1975, one of the buildings on the property was destroyed by fire. The building is described in the record as a goat barn. It is the amount paid for this loss which is the subject of this dispute.

At the time of the fire, Gruber owned a herd of goats. These animals were housed in the goat barn, and they, too, were destroyed. The Travelers Insurance Company, which held a policy of insurance on the property, settled Gruber's claim for loss of his goats for $15,000.00, although Gruber claims the goats were worth much more than that. This settlement for the goats is separate from the one now under consideration except for defendant's claim Travelers intended him to have some of the goat barn settlement to compensate for the underpayment on the goat loss.

In addition, the Travelers paid $8,278.26 for loss of the goat barn. Plaintiffs claim they are entitled to all the insurance proceeds. Defendant asserts the value of the goat barn was only $2,750.00 and that plaintiffs are entitled only to that amount. The trial court held for defendant and we reverse.

Under our law, a contract for the purchase of real estate works an equitable conversion. The contract vendee becomes the equitable owner; the contract vendor holds title as trustee for his purchaser. *H. L. Munn Lumber Co. v. City of Ames,* 176 N.W.2d 813, 816, 817 (Iowa 1970). In the absence of agreement to the contrary, loss after that date falls upon the purchaser as the holder of the ownership interest. The seller has effectively divested himself of all interest in the property except the right to collect the purchase price.

In the present case the parties agreed that defendant vendor would carry insurance on the property until an exchange of possession was effected. Under this record, Gruber carried the insurance for the benefit of the plaintiffs. Any insurance proceeds paid for loss to the real estate were held by him as trustee for them.

The peculiar circumstance in this case is that the amount paid by Travelers Insurance Company for destruction of the goat barn is said to cover as well the loss of personal property belonging to Gruber (other than the goats themselves). He argues plaintiffs are entitled only to $2,750.00, which he says is the value of the goat barn, while he should have the balance of approximately $5,500.00 for the loss of his personal property consisting of tools, machinery, and equipment.

We believe that defendant's claim is without merit for several reasons. Although he now claims the goat barn was worth only $2,750.00, he himself fixed its value for insurance purposes at $9,500.00. Although he now claims the personal property in the building was worth approximately $5,500.00, he valued it at $1,000.00 when applying for insurance.

Furthermore, after the loss occurred, defendant filed proof of loss with the Travelers Insurance Company in which he listed the value of the destroyed goat barn at $8,378.21. He then claimed no loss to personal property. Travelers paid the amount shown by the proof of loss as damage to the goat barn only.

In the face of this record, we are unable to agree Gruber is entitled to any of these proceeds. His testimony directly contradicts all other evidence, including his own prior representations at the time he obtained the insurance and when the loss occurred.

We also look with some skepticism on Gruber's claim the amount paid by Travelers for the goat barn was deliberately excessive to afford him additional compensation for his goats. The evidence of this is dependent upon Gruber's own testimony. All the other evidence refutes it, and we find that it was not established by any credible evidence.

It may be, as Gruber insists, that Travelers paid too much to the loss of the goat barn. However, the payment was well within the policy limits and was based upon information furnished by Gruber himself,

information which he now attempts to disavow to his own advantage.

We believe the trial court was wrong in limiting the amount plaintiffs should have to less than the full amount of the insurance proceeds. Travelers paid $8,278.26 for destruction of the goat barn. Gruber received these proceeds as trustee for plaintiffs. *Brady v. Welsh*, 200 Iowa 44, 46, 204 N.W. 235, 40 A.L.R. 603 (1925).

We hold the trial court was wrong in awarding plaintiff only $2,750.00. The judgment is reversed and judgment is entered for plaintiffs in the sum of $8,278.26.

REVERSED.