In re EAST REDLEY CORPORATION, Debtor.

KARDON INDUSTRIES, INC., Plaintiff,

v.

EAST REDLEY CORPORATION, Defendant.

Bankruptcy No. 79–02152 WK.
Adversary No. 80–0075 WK.

United States Bankruptcy Court,
E. D. Pennsylvania.

May 16, 1980.

Ronald H. Israelit, Ardmore, Pa., for plaintiff.

Herman P. Weinberg, Philadelphia, Pa., for defendant-debtor.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is the Complaint of Plaintiff, Kardon Industries, ("Kardon") seeking relief from the automatic stay to allow it to proceed with mortgage foreclosure proceedings. We will lift the stay in this case because we find that the Debtor has no equity in the property and the property has not been shown to be necessary to an effective reorganization.[1]

On August 25, 1977, Debtor, East Redley Corporation, executed a mortgage in the sum of $186,000, with interest to Kardon.[2] The real estate in question comprises approximately seventeen (17) acres located in the Township of Lower Merion with a much smaller parcel situated in the Borough of Bridgeport. East Redley defaulted on the mortgage beginning on the first day of February and the first day of March, 1979. Kardon filed a Complaint in Mortgage Foreclosure on March 9, 1979. Judgment was entered against East Redley on September 13, 1979, and the property was listed for Sheriff's Sale on November 21, 1979.

On November 20, 1979, East Redley filed a Petition under Chapter 11 thereby automatically staying the above mortgage foreclosure proceedings. On February 19, 1980, Kardon filed the present complaint seeking relief from the stay. A preliminary hearing was held on March 18, 1980. By Order dated March 25, 1980, the stay was continued pursuant to 11 U.S.C. § 362(e)(1) (1979). A final hearing was held on April 17, 1980.

The grounds for relief from the stay are set forth in § 362(d), which states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have equity in such property; and

(B) such property is not necessary to an effective reorganization.

Kardon has asserted two (2) grounds for relief from the stay, alleging that East Redley does not have equity in the property and that the property is not necessary to an effective reorganization.

In considering the issue of equity in the property, § 362(g) of the Code sets forth the allocation of the burden of proof as follows:

In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

Thus, the Plaintiff, Kardon, has the burden of proof on the issue of the debtor's equity in the property. Testimony disclosed that there exists three (3) disputed mortgages on the subject property totalling in excess of $315,000.00. [N.T. 45, 46] However, there is conflicting evidence as to the value of property as presented by the parties' respective appraisers.

The testimony offered by the Plaintiff's appraiser, which this Court finds to be the most reasonable and fair appraisal of the property, indicated that by reason of the location of the property in a Flood Hazard District and being zoned Heavy Industrial [N.T. 57–59], the highest and best use for the property is industrial and the total value was stated as $257,190.00 [N.T. 59–63, 71].

---

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. The mortgage is recorded in the Office of the Recorder of Montgomerry County in Mortgage Book 5005, p. 395 et seq.

The testimony of the debtor's appraiser indicated that the value of realty was in excess of $500,000, and at least $763,500. These values were predicated upon a site development plan and upon the eventual construction of an apartment complex. The proposed apartment complex is situated in part on land owned by party or parties other than the debtor. [N.T. 97, Plaintiff's exhibits 1, 3] The debtor's appraiser could not testify as to the number of units which could be constructed on that portion of land currently owned by the debtor. [N.T. 103, 104]

Thus, it appears that the testimony of the debtor's appraiser was based on conjecture and mere speculation rather than existing realities. Even if sufficient land is acquired to make the proposed complex a reality, the actual construction and indeed the value are contingent on numerous variables including zoning variances, permits, licenses, costs, labor, etc. This Court must refuse to accept values of realty based on such conjecture.

We conclude that based on a property value of $257,190.00 and disputed mortgages of approximately $315,000.00, the debtor does not have equity in the property.

Under § 362(d), it must be proven that the property in question is not necessary to an effective reorganization in order for the stay to be lifted. The party opposing the lifting of the stay has the burden of proof on this issue and all other issues under § 362 with the exception of the issue relating to the debtor's equity. *See* § 362(g)

No testimony or evidence was presented by East Redley at either the preliminary or final hearing which would support a finding that the subject property is necessary to an effective reorganization. Clearly the opinion of counsel that this is the only asset of the debtor, cannot suffice as evidence. [N.T. 3] This Court cannot look to the Chapter 11 Schedules submitted by the debtor, inasmuch as the Schedules were never admitted into evidence. *See In re Aughenbaugh*, 125 F.2d 887 (3rd Cir. 1942).

East Redley has failed to carry its burden of proof here. In fact, the president of the East Redley Corporation testified that East Redley is the equitable owner of another parcel of land [N.T. 117]. Although the veracity of this statement is not before us today, it would appear that an effective reorganization may be a possibility, after appropriate state court action, even without the subject realty.

Accordingly, having held that debtor does not have equity in the property and that it has not been shown that the property is necessary to an effective reorganization, the automatic stay is hereby lifted and plaintiff is granted the right to proceed with mortgage foreclosure proceedings.