In the Matter of CERTIFIED MORT-
GAGE CORPORATION, Debtor.

Homer R. DANIELS and Cletia P.
Daniels, Plaintiffs,

v.

CERTIFIED MORTGAGE
CORPORATION,
Defendant.

Bankruptcy No. 81-363.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

April 8, 1982.

Yado, Keel & Nelson, Tampa, Fla., for plaintiffs.

Domenic Massari, Tampa, Fla., for defendant.

# FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 business reorganization case and the matter under consideration is a complaint filed by Homer R. Daniels and Cletia P. Daniels, his wife.

In Count I of the complaint, the Plaintiffs seek relief from the automatic stay imposed by § 362(a) of the Code on the ground that the Debtor lacks equity in the subject property on which the Plaintiffs hold a valid mortgage, that the mortgage is in default and that the property is not necessary to an effective reorganization. Thus, according to the Plaintiffs, they are entitled to be relieved from the automatic stay by virtue of § 362(d) of the Code.

In Count II of the complaint the Plaintiffs seek in the alternative adequate protection pursuant to § 361 as a condition to continue the automatic stay.

The facts relevant to the resolution of this controversy as developed at the final evidentiary hearing can be summarized as follows:

The subject property was originally owned by the Plaintiffs who sold the property to Glen A. and Glenda Adams. As part of this transaction the Adams executed a promissory note secured by a mortgage in the principal amount of $29,000. On October 13, 1981, the Adams' conveyed the property to Certified Mortgage Corporation (Certified), the Debtor involved in this business reorganization case. Shortly thereafter, the terms of the original mortgage note were changed and the interest was increased from 8.5% to 10%, the monthly payments of $233 to 273.79 and Certified assumed the indebtedness evidenced by the modified mortgage and the note. It is without dispute that with the exception of the payments for the months of November and December of 1980, Certified has not made any payments and the current balance on the note is approximately $28,260.

It appears that the property is in need of repairs not only to the interior, but also to the roof, costs of which are estimated to be $4,000. The expert presented by the Plaintiffs stated that the value of the property is approximately $25,000. The president of Certified stated that he had an offer to sell the property for $55,000, subject, however, to a zoning change. Certified had admitted that it has not undertaken any steps to procure the necessary zoning change.

Considering all the evidence presented, this Court is satisfied that since there is a sufficient equity cushion in the property and the property is part of Certified's inventory, it is conceivably needed for an effective reorganization, and the Plaintiffs are not entitled to a lifting of the stay pursuant to § 362(d)(2). This does not mean, however, that they are not entitled to adequate protection. Although some courts have held that the mere existence of an equity cushion is sufficient to constitute adequate protection, See *In re 5-Leaf Clover Corp.*, 6 B.R. 463 (Bkrtcy.S.D.W.Va. 1980) and *In re San Clemente Estates*, 5 B.R. 605 (Bkrtcy.S.D.Calif.1980), this Court is of the opinion that the existence of an equity cushion is but one factor to consider in determining whether the creditor's interest is adequately protected. *In re Pannell*, 12 B.R. 51 (Bkrtcy.E.D.Penn.1981). While an equity cushion by itself may, under certain circumstances, provide adequate protection, this is not so, especially when the Debtor does not show a sincere desire to speedily effectuate a reorganization, when the delays are inordinate and unreasonable, when a plan is a liquidation plan and where the sole hope of the Debtor to effectuate the reorganization is to salvage the equities in its properties, the success of which depends on economic factors over which the Debtor has no control. As far as the Debtor is concerned, time is not of the essence, but time is clearly of essence as far as a secured creditor is concerned who is deprived of the use of its collateral, deprived of income and who must pay its own bills in order to survive. The proposition that the Debtor may use the automatic stay indefinitely as a refuge without proceeding speedily to a confirmation is simply not the

law. It would be a gross abuse of discretion to continue to protect the Debtor indefinitely just because it has equity in its encumbered properties. The argument that secured creditors are not harmed by delays if there is an equity cushion or if the properties are not exposed to jeopardy is merely telling one-half of the story. The Debtor filed the petition for relief on March 9, 1981. The Debtor filed a plan of reorganization, but has yet to file a disclosure statement and, therefore, the reorganization proceeding is, at this time, stagnant and making no progress.

In light of the foregoing, this Court is satisfied that the Plaintiffs in this case are entitled to adequate protection in spite of the fact that the Debtor has an equity cushion in the property involved. Therefore, it is appropriate to order the Debtor to make the monthly mortgage payments to the Plaintiffs in the amount of $273.79 plus one-half of the regular monthly payment for a total of $410.69 per month. The Debtor shall pay the amount of $410.69 on the 15th day of each month with a five day grace period for each payment. After the mortgage arrearages are paid, the Debtor shall thereafter make the regular monthly payments of $273.79 in accordance with the above terms until further order of the Court or until the debt secured by the mortgage is satisfied.

A separate final judgment will be entered in accordance with the foregoing.