In re VACATION VILLAGE LIMITED
PARTNERSHIP, Debtor.

James J. BADER, Arlene A.
Bader, Plaintiffs,

v.

VACATION VILLAGE LIMITED
PARTNERSHIP, Defendant.

Bankruptcy No. 83–00181.

Adv. No. 83–0625C.

United States Bankruptcy Court,
N.D. Iowa.

Nov. 8, 1983.

David L. Baker, Robert J. Hester, Aldean E. Kainz, Cedar Rapids, Iowa, for plaintiffs.

George G. West, Steven C. Jayne, Des Moines, Iowa, for defendant.

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is a Complaint to terminate or modify the automatic stay filed by James J. Bader and Arlene A. Bader (Plaintiffs) against Vacation Village Limited Partnership (Debtor). The hearing was held during which Plaintiffs' Exhibits 1–6 were admitted and five witnesses testified. Attorneys Robert J. Hester and David L. Baker represented the Plaintiffs and Attorney Steven C. Jayne represented the Debtor. The Court, being fully advised and pursuant to F.R.B.P. 7052, now makes the following Findings of Fact, Conclusions of Law, and Order.

The underlying facts appear not to be in dispute. The Debtor is the contract buyer of a tract of real estate on which its motel business is located. Approximately one year before the filing of the Debtor's Chapter 11 Petition, the contract seller assigned the contract to the Plaintiffs. Among other items the contract calls for monthly payments of $17,486.41 by the Debtor. At trial it was revealed that no payments have been made since May 1983. Further, the Debtor has not kept current real estate tax payments called for in the contract.

Underlying the contract is a mortgage that requires monthly payments of $5,834.40 of the Plaintiffs. Since the filing of the Debtor's Petition, the Plaintiffs have

kept current the monthly mortgage payments.

The applicable statutory framework governing whether relief should be granted the Plaintiffs is 11 U.S.C. § 362(d)(2):

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such stay—

\* \* \* \* \* \*

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

■ With respect to the issue of equity in § 362(d)(2)(A), the party requesting relief bears the burden of proof. 11 U.S.C. § 362(g)(1); *e.g., In re Pappas,* 17 B.R. 662, 669 (Bankr.D.Mass.1982). On the other hand, the party resisting the relief requested bears the burden of proof on all other issues, including the "necessary to an effective reorganization" standard under § 362(d)(2)(B). 11 U.S.C. § 362(g)(2); *e.g., In re East Redley Corp.,* 4 B.R. 288, 290 (Bankr.E.D.Pa.1980).

In the context of the equity issue, the requesting party clearly satisfied its burden when the debtor simply had no equity in the property. *E.g., In re Daws,* 13 B.R. 101, 105 (Bankr.D.Hawaii 1981). On the other hand, where there exists an "equity cushion," the debtor may be entitled to have the stay remain in effect. *See, e.g., In re Certified Mortgage Corp.,* 19 B.R. 369, 370 (Bankr.M.D.Fla.1982). The determination of the debtor's equity in the property often turns on the "particularly troublesome" issue of valuation. 2 *Collier on Bankruptcy,* ¶ 361.02, at 361–14 (15th ed. 1983). Appraisals are therefore common in stay litigations. *See, id.* at 361–15.

In the case at bar, Plaintiffs' appraiser submitted three appraisals on the real property in question. Using the fair market cash value approach, the property was appraised at $1.5 million. Using the cost approach, the property was appraised at $1.6 million. Using the capitalization of income approach, the property was appraised at $1.5 million. The Debtor, on the other hand, provided a fair market value appraisal of $2.75 million. The Debtor's appraisal, unlike the Plaintiffs', took into consideration the value of the personal property located on the motel's premises and the value of the restaurant lease.

The Plaintiffs' testimony asserted that $116,137.57 is currently in arrears under the contract. In addition, Plaintiffs' calculation revealed that the current payout under the contract is $1,963,618.59. Comparing these figures with any one of the three appraisals provided by the Plaintiffs, one may conclude that the Debtor has no equity in the property. On the other hand, using the Debtor's figures, there appears to be a small amount of equity. Bearing in mind that the Plaintiffs' appraisals included only the real estate in question, this Court finds that it is indeed "particularly troublesome" to pinpoint the extent of the Debtor's equity, if any, in the property.

Focusing instead on the "necessary to an effective reorganization" element of § 362(d)(2)(B), it appears that since the filing of the Petition the Debtor's business has improved. While it is true that such improvements may be attributed to typical seasonal demands, it is clear that without the benefits of the contract, the Debtor will be thrown out of business altogether. Further, the Debtor's general partner indicated to the Court that new business programs have been instituted and certain remodeling and improvements have been made. Such efforts signify an intent to reorganize.

■ In sum, this Court concludes that the Plaintiffs have not sustained the heavy burden of proof with respect to the issue of equity. In contrast, the Debtor has demonstrated with some conviction that the property is necessary to an effective reorganization. Therefore, this Court concludes that the automatic stay imposed by 11 U.S.C. § 362 should continue in effect.

646

The conclusion that the § 362 stay should remain in effect does not, however, end the inquiry. Indeed, the stay may be conditioned "for cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). A high volume of judicial decisions has been generated concerning the issue of "adequate protection." Among these decisions is the familiar "indubitable equivalence" standard created by Judge Learned Hand. *In re Murel Holding Corp.*, 75 F.2d 941, 942 (2d Cir.1935). In addition, the Bankruptcy Code suggests various means of adequate protection. One such suggestion is 11 U.S.C. § 361(1). Codifying *In re Bermec Corp.*, 445 F.2d 367 (2d Cir.1971), § 361(1) suggests the making of periodic cash payments to the extent necessary to compensate for any decrease in value of the interest of the party seeking relief from the stay. Application of this suggestion is apt in the case at bar.

It appears that the Plaintiff will be afforded the minimal adequate protection if the Debtor makes the payment called for in the underlying mortgage. Moreover, since real estate taxes have been accruing, the Debtor should be required to continue its practice of escrowing the requisite amount of real estate taxes

IT IS THEREFORE ORDERED that the automatic stay imposed by 11 U.S.C. § 362 remain in effect until further Order of Court.

IT IS FURTHER ORDERED that the Debtor beginning on November 30, 1983, shall furnish to the Plaintiffs on the thirtieth of each month the sum of $5,834.40, representing the underlying mortgage contract payments.

IT IS FURTHER ORDERED that the Debtor shall escrow the real estate taxes accruing and due from the date of this Order according to the terms of Paragraph 5 of the Contract of Sale.

IT IS FURTHER ORDERED that the Plaintiffs may apply for further relief upon noncompliance with this Order by the Debtor.