**In re DEL RIO DEVELOPMENT, INC., a California corporation, Debtor.**

**DEL RIO DEVELOPMENT, INC., Appellant,**

**v.**

**FIRST LIBERTY FINANCIAL, INC., Appellee.**

**BAP No. CC–82–1506.**

**Bankruptcy No. LA 82–05672–RO.**

United States Bankruptcy Appellate Panels Ninth Circuit.

Argued Sept. 21, 1983.

Decided Dec. 29, 1983.

Brian C. Mulherin, Bear, Kotob, Ruby & Gross, Downey, Cal., for appellant.

Robert E. Darby, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for appellee.

## OPINION

Before ABRAHAMS, VOLINN and GEORGE, Bankruptcy Judges.

ABRAHAMS, Bankruptcy Judge.

This is an appeal from an order dismissing the debtor's Chapter 11 case pursuant to 11 U.S.C. § 1112(b). The bankruptcy judge concluded that the debtor did not file and maintain its case in good faith and that it did not demonstrate an ability to effectuate a plan. We have determined that two of the findings of fact supporting these conclusions are erroneous, and we therefore reverse and remand.

The debtor contends that the following findings are not supported by the record:

13. Del Rio has not shown any evidence of present economically viable activities. There is no evidence that Del Rio has any employees, nor any development of the property in progress.

14. Del Rio has not shown any evidence of an ability to effectuate any plan of reorganization.

Our examination of the record shows that there was evidence on these matters. There was no oral testimony, but declarations and documentary evidence were submitted. The debtor's declarations asserted that there was a $3,000,000 equity in the real property that was the debtor's sole asset, that there was a prospective purchaser, and that funds were being expended to prepare and maintain the property for development. The transcript of the § 341 meeting was also submitted to the trial court. It also has evidence of a prospective sale. We note that a sale can be the basis of a reorganization. See 11 U.S.C. § 1123(a)(5)(D). Thus, contrary to the quoted findings, there was evidence of (1) work on the property to aid development and (2) an ability to reorganize.

Where a court relies solely on documentary evidence, it is important that the findings show that the court has reviewed the evidence thoroughly. Here, the trial judge signed the findings and conclusions prepared by the appellee, without change, so we cannot see the extent of the judge's review. We suggest that, on the remand, the trial court consider taking oral evidence so that it can better weigh the evidence.

■ The appellee argues that, even if the quoted findings are erroneous, the remaining findings are sufficient to support the trial court's conclusions and judgment. We disagree. The dismissal was based on a conclusion that there was a lack of good faith in the filing. A determination as to "good faith" requires an examination of *all* the facts and circumstances in the case. *In re Thirtieth Place, Inc.*, 30 B.R. 503 (9th Cir.Bkrtcy.App.1983). A similar examination is necessary to determine if the debtor could effectuate a plan. Obviously, the errors in Findings 13 and 14 could affect these determinations.

Findings 13 and 14 are erroneous and are reversible error. Because these errors are sufficient grounds for reversal, we do not comment on the debtor's other charges of error. Nor do we comment on whether or not the lack of good faith in the filing of a Chapter 11 petition is a ground for dismissal. *Compare* 11 U.S.C. § 1112(b) *with* 11 U.S.C. § 921(c) and Bankruptcy Act of 1898, as amended, §§ 141–144. We reverse and remand for further action consistent with this memorandum.