**In re MALLAS ENTERPRISES, INC., Debtor.**

**PAN AMERICAN BANK OF LOS ANGELES, a California Corporation, Plaintiff-Appellant,**

**v.**

**MALLAS ENTERPRISES, INC., Defendant-Appellee.**

**BAP No. CC–82–1493–VAbG. Bankruptcy No. LA–82–01762–JB. Adv. No. LA–82–2033–JB.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Sept. 21, 1983.

Decided April 12, 1984.

Alan M. Ahart, Ross, Ivanjack & Alborg, Los Angeles, Cal., for plaintiff-appellant.

Ray B. Bowen, Jr., Howard, Lowther & Wolk, Tarzana, Cal., for defendant-appellee.

Before VOLINN, ABRAHAMS and GEORGE, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge.

### I. BACKGROUND

On August 13, 1979, the appellant, Pan American Bank of Los Angeles, loaned $91,-000 to Nick and Clara Mallas who agreed to pay interest thereon at 13.5% on a monthly basis, and then pay the principal amount in full on August 12, 1980. The loan was secured by a deed of trust and assignment of rents on commercial property in La Puente, California, owned by the borrowers.

In March, 1981, Nick and Clara Mallas organized and became principals of the appellee, Mallas Enterprises, Inc. The corporation collected rent from tenants on the commercial property in La Puente.

Nick and Clara Mallas failed to make the payments as they agreed. On April 20, 1981, the appellant recorded a notice of default in the loan against the secured property. A trustee's sale was set for February 5, 1982.

The La Puente property was conveyed to the appellee on February 3, 1982, the same day that appellee filed a voluntary petition in bankruptcy under 11 U.S.C. Chapter 11.

Appellant, apparently the only creditor of appellee, commenced an adversary proceeding to terminate the automatic stay of 11 U.S.C. § 362 in March, 1982, so that it could proceed with the trustee's sale. Appellant also filed a motion to dismiss the bankruptcy case in the adversary proceeding to lift the stay. An order was entered on June 29, 1982, denying the motion to dismiss.

Trial was held on the issue of lifting the automatic stay on April 20, 1982 and on August 11, 1982. On August 18, 1982, the bankruptcy court entered a Memorandum of Decision Re Complaint For Relief From Stay And To Prohibit Use, Sale Or Lease

Of Collateral, finding and concluding that the debtor had substantial equity in the subject property which provided adequate protection, that the property was necessary for an effective reorganization, and that the complaint to lift the automatic stay should be dismissed. The Memorandum also directed the plaintiff to prepare, serve and submit within five days, an appropriate Order, and findings of fact and conclusions of law. On October 19, 1982, plaintiff served and submitted a Judgment, and Findings of Fact and Conclusions of Law, which were entered by the bankruptcy court on October 26, 1982. On November 4, 1982, appellant filed a notice of appeal to the October 26, 1982 Judgment dismissing its complaint for relief from the § 362 stay.

## II. PRELIMINARY MATTERS

### A. Jurisdiction

■ The appellee argues that this Panel does not have jurisdiction to hear this appeal, contending that entry of the Memorandum of Decision on August 18, 1982 triggered the ten-day appeal period of former Bankruptcy Rule 802, applicable in this case. Appellee reasons that appellant's failure to submit and serve the Judgment, Findings of Fact, and Conclusions of Law within the ten-day appeal period was fatal, citing *In re Dahnken's of Santa Barbara, Inc.*, 11 B.R. 536 (9th Cir.Bkrtcy.App.1981). *Dahnken's* involved an action for relief from the automatic stay, where the bankruptcy court, on May 23, 1980, announced intended findings of fact and conclusions of law, and informed the parties that an order for relief from the automatic stay would be entered that day. The order was entered as stated but the court's memorandum decision which contained the findings of fact and conclusions of law was not entered until June 18, 1980. On June 3, 1980, 11 days after the order granting relief from the stay was entered, the debtor filed a notice of appeal. The Bankruptcy Appellate Panel held that the appeal was filed untimely, being more than ten days after entry of the order being appealed. It further held that entry of findings of fact and conclusions of law was not a jurisdictional prerequisite for appeal but rather to facilitate appellate review.

*Dahnken's* is distinguishable from the situation at bar. Here the Memorandum of Decision specifically directs appellant to submit an appropriate order as well as findings of fact and conclusions of law. In *Dahnken's* the court entered the order initially and directed that findings of fact and conclusions of law be subsequently presented. In this case the dispositive order or judgment was entered in conventional sequence to the findings, that is, subsequent thereto. Time for appeal runs from the date of the dispositive order or judgment. See also Fed.R.Civ.P. 58 and former Bankruptcy Rule 921 which requires that "every judgment shall be set forth in a separate document." The Advisory Committee note points out that their requirement eliminates uncertainties including when the time for appeal begins to run "distinct [from the filing of] any opinion or memorandum." The requested order appears to be more of the character described by Bankruptcy Rule 802, which, when submitted, triggers the time for appeal in bankruptcy cases. We hold that the appeal was taken timely and that this Panel has jurisdiction to decide the merits.

### B. Brief

■ Appellant argues that appellee's brief was filed untimely, and, therefore, should be ignored by this Panel. The proof of service submitted by the appellee would indicate that its brief was served timely, but appellant argues in his brief that service by mail was untimely because despite the affidavit of appellee, the postmark on the envelope containing the brief was dated one day after expiration of the service date.

The record contains an affidavit from the appellee that would indicate service was timely. On the other hand, appellant has made an argument unsupported by an affidavit or other evidence, in its reply brief that would indicate service was untimely. In any event, assuming, *arguendo*, that there was a late filing, sanctions should be imposed only if warranted. Here there is

nothing which would indicate that appellant suffered prejudice by such assumed late service of appellee's brief. We therefore hold that appellee's brief may be considered in determining this appeal.

## III. DISCUSSION OF JUDGMENT

11 U.S.C. § 362(d) provides two avenues for obtaining relief from the automatic stay of 11 U.S.C. § 362(a). Generally, a creditor may obtain relief from the automatic stay with respect to property if the debtor has no equity in the property and the property is not necessary to an effective reorganization. A creditor may also obtain relief from the automatic stay "for cause, including lack of adequate protection" of the creditor's interest in the property. Appellant contends that it is entitled to relief from the automatic stay on both grounds.

### A. Equity/Reorganization/Adequate Protection

■ The determination of equity of the appellee in the subject property, while labeled a conclusion of law by the bankruptcy court, was essentially a finding of fact. Findings of fact will not be disturbed on appeal unless clearly erroneous. Former Bankruptcy Rule 810 is applicable to this appeal. Testimony regarding value of the property at the time of trial ranged from an estimated value of $144,000 to $400,000. The parties stipulated that the amount of encumbrances against the property as of August 1, 1982, totalled approximately $112,684.63. Therefore, the appellee has an equity of at least $30,000 in the subject property even based on appraisal testimony presented by appellant's witness.

The court below also determined that the subject property was necessary for an effective reorganization of the debtor. The business of the debtor is to collect rents on the property which it owns. If the appellant is allowed to proceed with a deed of trust sale of the property, the debtor would not be able to carry out its business. There was also testimony to the effect that a possible redevelopment plan would enhance the value of the property in the future. It is possible, given some time, that a liquidation plan may be forthcoming which could maximize the value of the property of the estate.

While the court's determination, based on the foregoing considerations, has been also labeled a conclusion of law, it would appear to be more appropriately a finding of fact. Again, we do not feel that this finding was clearly erroneous.

Appellant contends that the bankruptcy court erred in its determination that appellant's interest in the subject property was adequately protected, thus denying him relief from the automatic stay for cause.

The bankruptcy court found that appellee had substantial equity in the property. Such a finding may be the basis for adequate protection of the appellant. In appropriate circumstances, the availability of an equity cushion has been found to provide a creditor with adequate protection. *E.g., In re Rogers Development Corporation,* 2 B.R. 679 (Bkrtcy.E.D.Va.1980).

While labeled a conclusion of law, it would appear that a determination of adequate protection was an ultimate finding of fact, subject to the clearly erroneous standard on appeal. We do not find this holding clearly erroneous.

### B. Cause/Bad Faith Filing

■ Appellant also contends that the bankruptcy court erred in not terminating the automatic stay for cause because of the alleged bad faith filing of appellee's Chapter 11 case.

Whether or not a case has been filed in bad faith involves questions of fact. While a bad faith filing has been found in some cases to constitute cause for lifting the automatic stay, unless the creditor can factually demonstrate a bad faith filing, there would not be cause for lifting the automatic stay. *In re Del Rio Development, Inc.,* 35 B.R. 127 (9th Cir.Bkrtcy.App.1983). The court's finding or conclusion in this respect has not been demonstrated to have been clearly erroneous.

### C. Cause/Contentions as to the Confirmation Process

■ Appellant contends that the bankruptcy court should have lifted the auto-

matic stay because no plan of reorganization can be confirmed over the objection of appellant. Appellant reasons that since it is the only creditor of the appellee's bankrupt estate, its refusal to vote in favor of a plan of reorganization precludes the debtor from confirming a plan. In appellant's view, this is cause for lifting the automatic stay under 11 U.S.C. § 362. We agree with the appellee, that such an issue was not presented to the trial court in the context of a proposed plan to which appellant has actually objected. Case law under Chapter X of the prior Bankruptcy Act held that the announced opposition of various creditors at the commencement of the proceeding had no bearing on the good faith filing of the petition. Thus claims made in advance of the filing of a plan that any proposal would be futile were held premature. 6 *Collier on Bankruptcy,* Part 2, § 6.09 (14th Ed.); *Wachovia Bank & Trust Co. v. Dameron,* 406 F.2d 803 (4th Cir.1969). While these authorities indicate that there may be occasion for a departure from this general rule, as stated, this issue was not presented to the court below. If appellee were to propose a plan whereby appellant would be made whole, it is conceivable that appellant might vote in favor of the proposed plan. Further, appellant has made no binding commitment on the record that it will reject any plan of arrangement that the debtor may propose. Courts are not obliged to decide hypothetical issues presented by parties to a lawsuit. The bankruptcy court, therefore, did not err in failing to lift the automatic stay in this respect.

■ Appellant contends that even if the equity cushion provides adequate protection to it, the automatic stay should be lifted because the debtor has been dilatory in filing a plan of reorganization and in complying with reporting requirements, citing *In re Certified Mortgage Corporation,* 19 B.R. 369 (Bkrtcy.M.D.Fla.1982). In *Certified,* the bankruptcy court refused to lift the automatic stay, stating that the debtor had an equity cushion and that the property at issue was necessary for an effective reorganization. Nevertheless, the bankruptcy court found that the equity cushion did not provide adequate protection and required that adequate protection be provided. Here, the court below found that the equity cushion did provide adequate protection. We have already held that the bankruptcy court did not err in finding the appellant to have been adequately protected. Appellant could have sought, or may seek, remedies based on action or inaction of the debtor as to proposing a plan or filing reports, which could call for or allow the imposition of a discretionary range of relief. But such other or further relief was not sought before nor acted upon by the court below. We therefore cannot deal with this issue on appeal.

### D. Rents

■ The bankruptcy court concluded that rent from the commercial property involved is cash collateral as defined in 11 U.S.C. § 363(a). The court directed the appellee to segregate and account for such rents unless the court authorizes otherwise or the appellant consents to another disposition. The court also stated that the appellant was not entitled to collect such rents.

The appellant asserts that it is entitled to receive the rents from the commercial property based on an assignment of rents clause in its deed of trust. The conclusions of law deal, to some extent, with the parties' rights to rents. Nevertheless, the record is almost devoid of information dealing with the rents, let alone any evidence which would demonstrate error by the court.

### IV. CONCLUSION

After reviewing the record and the contentions of the parties, we are constrained to affirm the trial court.