**In re VACATION VILLAGE LIMITED PARTNERSHIP, Debtor.**

Bankruptcy No. 83–00181.
Contested No. 255.

·United States Bankruptcy Court,
N.D. Iowa.

June 7, 1984.

George G. West, Steven C. Jayne, Des Moines, Iowa, for debtor-in-possession.

Larry G. Gutz, Cedar Rapids, Iowa, for James J. & Arlene A. Bader.

*Findings of Fact, Conclusions of Law and ORDER re: Motion to Modify Stay*

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is a Motion to Modify Stay filed by James J. and Arlene A. Bader (Baders). Attorneys George G. West and Steven C. Jayne represented the Debtor and Larry G. Gutz represented the Baders. Being fully advised and pursuant to F.R.B.P. 7052, the Court now makes its Findings of Fact, Conclusions of Law and Orders.

The Baders are the assignees of a real estate contract vendor's interest. The Debtor is the contract vendee. In an earlier adversary proceeding, the Baders alleged—and this Court so found, *see Bader v. Vacation Village*, 49 B.R. 644 (Bankr. N.D. Iowa 1983)—that the Debtor was in default under the contract. In the instant Motion, the Baders similarly allege that the Debtor is in default. Based on this and other allegations, the Baders seek a modifi-

cation of the automatic stay. Two issues are raised by the Baders' Motion: res judicata and the applicability of 11 U.S.C. § 362 to contract forfeitures in Iowa.

## I. *Res Judicata*

■ The Baders in an earlier adversary proceeding sought to modify the automatic stay imposed by 11 U.S.C. § 362. *See Bader v. Vacation Village*, Adv. No. 83–0625C, Complaint at 7 (Bankr.N.D.Iowa 8/3/83). After a preliminary hearing and a trial were conducted, this Court issued an Order on November 8, 1983, directing the Debtor to provide adequate protection to the Baders. The issue sub judice is whether this Court's November 8, 1983, Order precluded the Baders from seeking further relief via the instant motion.

Generally, "[u]nder the principles of res judicata, a judgment on the merits in a prior suit bars a later suit involving the same parties or their privies based on the same cause of action." *Midcontinent Broadcasting v. Dresser Industries*, 669 F.2d 564, 566 (8th Cir.1982). These principles are, however, subject to an exception that "res judicata is no defense where between the time of the first judgment and the second there has been an *intervening decision* or a change in the law creating an altered situation." *State Farm Mutual Automobile Insurance Co. v. Duel*, 324 U.S. 154, 162, 65 S.Ct. 573, 577, 89 L.Ed. 812 (1945) (emphasis added); *see* 46 Am. Jur.2d *Judgments* § 444 (1969).

Assuming that the general principles of res judicata apply to the proceeding at bar, the *Duel* exception operates to permit the Baders to seek further relief. This is so because at the time of the filing of the Baders' original adversary complaint in August 1983, this Court was following its earlier decision in *In re H & W Enterprises, Inc.*, 19 B.R. 582 (Bankr.N.D.Iowa 1982). Since the filing of the complaint, the Eighth Circuit Court of Appeals rendered a decision in *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). More specifically, *Johnson* disapproved *H & W Enterprises*. 719 F.2d at 275–76 & n. 7. Applying *Duel* to the proceeding at bar, *Johnson* is therefore an "intervening decision" that renders inoperative the principles of res judicata. The Debtor's argument that the Baders are precluded from relitigating the stay question should be rejected.

## II. *Application of Johnson to Iowa Contract Forfeiture*

■ The Baders in their instant motion seek relief based on the assumption that 11 U.S.C. § 362 operated as a stay against further proceedings by the Baders against the Debtor. Factually, the notice of forfeiture was served on the Debtor on June 1, 1983. Pursuant to ¶ 15.1 of the underlying contract between the parties, the notice stated that "the contract will stand forfeited and cancelled as by its terms ... unless the parties in default within 60 days ... shall perform ... said terms and conditions in default." The voluntary Chapter 11 bankruptcy petition was filed on July 13, 1983, approximately two weeks before the running of the 60-day cure period. The first issue in the case at bar is whether the filing of the petition stayed the running of the 60-day cure period.

*Johnson* involved the construction of Minnesota *foreclosure* law. In *In re Lally*, 38 B.R. 622, 625 (1984), this Court specifically found that the Iowa foreclosure scheme is conceptually indistinguishable from the Minnesota scheme. Thus holding, this Court concluded that 11 U.S.C. § 362 did not stay the running of a redemption period. *Id.* at 626. The case at bar involves a forfeiture, not foreclosure. Nonetheless, using the analytical framework devised by the Eighth Circuit in *Johnson*, this Court now holds that 11 U.S.C. § 362 does not stay the running of a cure period under a contract forfeiture in Iowa.

*Johnson's* analysis was premised on the identity of the debtor's "remaining interest

in mortgaged property following a foreclosure sale." 719 F.2d at 276. Using this premise, this Court's inquiry is focused on what "remaining interest" a contract vendee may have following service of a notice of forfeiture.

■ Under Iowa law, "a contract for the purchase of real estate works an equitable conversion. The contract vendee becomes the equitable owner; the contract vendor holds title as trustee for his purchaser." *Fellmer v. Gruber*, 261 N.W.2d 173, 174 (Iowa 1978). When a notice of forfeiture has been served on the contract vendee, the rights of the contract vendor are identical to those before service of the notice of forfeiture. *See generally Jensen v. Schreck*, 275 N.W.2d 374, 384 (Iowa 1979) (Chapter 656 not designed to, inter alia, grant any powers on the vendor). Likewise, the contract vendee's rights in the contract remain unaltered. This is so because a forfeiture for nonperformance cannot be declared until the cure period has run. *See Allen v. Adams*, 162 Iowa 300, 143 N.W. 1092, 1093 (1913). Indeed, only

> [w]hen the contract was forfeited by giving the statutory notice, the title stood in [the contract vendee], the same as though no contract for a deed had ever been entered into.

*Hunt Hardware Co. v. Herzoff*, 196 Iowa 715, 195 N.W. 264, 265 (1923). Similarly, the notice of forfeiture states on its fact that the "contract *will* stand forfeited unless the parties in default within 60 days ... perform." (Emphasis added). In sum, the service of a notice of forfeiture effects no change in the state of the title. It therefore follows that during the cure period, the interests of the contract vendor and the contract vendee are the same as those before service. Using *Johnson* terminology, the contract vendee's "remaining inter-

est" is thus a holder of equitable title on the real estate.

Having identified the "remaining interest," the next analytical step taken by *Johnson* was to ascertain "whether that interest constitutes property of the bankruptcy estate." 719 F.2d at 276. Under 11 U.S.C. § 541(a), equitable title to real property unquestionably constitutes property of the estate. *See 4 Collier on Bankruptcy* ¶ 541.06 at 541–26 (15th ed. 1983); F.R.B.P. Official Form 6, Schedule B–1.

■ Following the *Johnson* analytical scheme, the next step is to determine whether 11 U.S.C. § 362(a) applies. *See* 719 F.2d at 276. Focussing first on § 362(a)(1), this Court concludes that, under the *Johnson* interpretation, 719 F.2d at 276, the mere running of the remainder of the cure period is not a "proceeding" within § 362(a)(1). Similarly, the mere running of a cure period does not constitute an "enforcement" under § 362(a)(2). *Id.* Likewise, the mere running of a cure period does not constitute an "act" within the meaning of § 362(a)(3), (4), (5), and (6). *Id.* Because no setoff or Tax Court proceedings are involved in the case at bar, § 362(a)(7) and (8) are equally not applicable. In sum, nothing in 11 U.S.C. § 362(a) stayed the running of a cure period under a contract. *Cf. id.* (§ 362(a) cannot be read to stay the mere running of a statutory time period.) Stated otherwise, given the fact that the Debtor has not cured within the prescribed cure period,[1] the contract stands forfeited.

■ One additional observation deserves comment. The conclusion that "the contract stands forfeited," *ante*, necessarily implies that the state of the title is "the same as though no contract for a deed had ever been entered into." *Hunt Hardware*, 195 N.W. at 265. In other words, the contract vendor is revested with *both* the legal

---

1. An argument may be made that 11 U.S.C. § 108(b) provides the Debtor a "new" cure period, *viz.*, sixty days after the order for relief. 11 U.S.C. § 108(b)(2). Assuming, without deciding, that § 108(b) does apply to the case at bar, the sixty days provided by § 108(b)(2) have long passed *without* any cure by the Debtor. Section 108 *if* applicable to the case at bar, will therefore not change the result.

and equitable titles to the real estate. A question may thus arise as to how the equitable title—which became property of the estate upon filing, *see ante*—may be extracted out of the estate in light of 11 U.S.C. § 362. The answer to the question is again found in *Johnson:* § 362(a) stays an "act," or a "proceeding," or the enforcement" of a right. In a contract forfeiture situation, the contract vendor, once a notice of forfeiture has been served, need not act, proceed, or enforce in order to achieve forfeiture. In other words, nothing [2] is expected or required from the contract vendor. On the other hand, it is the contract vendee who must act, proceed, or otherwise enforce its rights under the contract by curing.

In conclusion, this Court finds and concludes that the contract in the case at bar is forfeited. An Order modifying "the automatic stay as it respects the Contract," *see* Motion to Modify Stay at 5, will therefore not be necessary.

The Motion filed herein is therefore ORDERED denied.

**2.** Iowa Code § 656.5 (1983) provides that a contract vendor, after the expiration of the cure period, may file the notice of forfeiture in the County Recorder's office "and when so filed and recorded, the record shall be constructive notice to all parties of the due forfeiture and cancellation of said contract." An argument may be made that a contract vendor's § 656.5 filing constitutes an "act" or "proceeding" stayed by § 362(a). Such argument, if made, should be rejected.

In *Abodeely v. Cavras,* 221 N.W.2d 494, 500 (Iowa 1974), the Iowa Supreme Court in interpreting § 656.5 held:

[A]s between the parties to a real estate contract compliance with the recording of the notice ... is not essential to complete a forfeiture of a real estate contract....

*See also id.* at 499. Under *Abodeely,* the § 656.5 filing does nothing to affect the rights of the contract vendee. Clearly § 362(a) protects only the contract vendee/debtor, not third parties. The filing of a § 656.5 notice is therefore not stayed by 11 U.S.C. § 362(a).