**In re Ralph T. JOURDAN, Debtor.**

**Bankruptcy No. L87–01800C.**

United States Bankruptcy Court,
N.D. Iowa.

Oct. 27, 1989.

Eric Lam and Michael McDonough, Moyer & Bergman, Cedar Rapids, Iowa, for debtor.

Carol F. Dunbar, Waterloo, Iowa, trustee.

Asst. U.S. Atty. Kristin Davis, Cedar Rapids, Iowa, for I.R.S.

## MEMORANDUM AND ORDER

*Re: Modification of Plan*

MICHAEL J. MELLOY, Chief Judge.

The matter before the Court is the Debtor's application to modify his Chapter 13 Plan pursuant to 11 U.S.C. § 1329(a)(1) in order to exclude interest payments on the priority claim of the Internal Revenue Service. The Internal Revenue Service ("IRS") resists the Debtor's motion to modify on the grounds that principles of res judicata bar such a modification because interest payable on the debt was an issue specifically addressed by the parties before the initial Plan was confirmed. Alternatively, the IRS contends that the Debtor failed to establish a change in his financial position, which, it argues, is necessary to obtain a post-confirmation modification. For the reasons set forth below, the Debtor's application to modify his plan to exclude interest on the priority claim is granted in part and denied in part.

The following constitutes findings of fact and conclusions of law pursuant to Fed.R. Bankr.P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

### Background

The Debtor filed a Chapter 13 petition for relief in this Court on August 20, 1987, and a Plan was confirmed on December 28, 1988. Before confirmation, however, the parties disagreed on the appropriate rate of interest to be applied to the IRS's unsecured priority claim: the IRS sought 11.5%, while Jourdan argued for 9.5%. This Court ultimately ordered a rate of 10.5% and the Plan was confirmed.

Approximately two months after confirmation of Jourdan's Plan, this Court rendered a decision in *In re Hageman*, Chapter 13, 108 B.R. 1016 (1989). In *Hageman*, the IRS objected to confirmation of the debtor's plan on the grounds that the plan did not provide for postpetition interest payments on its unsecured priority tax lien. This Court determined, however, that 11 U.S.C. § 1322(a)(2) only requires that priority claim holders in Chapter 13 be paid in full, in deferred cash payments. The specific exclusion of language allowing payment of a claim's present value means that payment of interest on priority claims is not required, unless the court finds it necessary to satisfy the "best interests of the creditors" test. *See* 5 *Collier on Bankruptcy*, para. 1322.03 at 1322–7 (15th ed. 1988).

The Debtor now seeks to modify his confirmed plan, consistent with the *Hageman* decision, in order to exclude interest payments on the IRS's unsecured priority claim. The Debtor's motion is brought pursuant to 11 U.S.C. § 1329(a) which allows a debtor, trustee, or holder of an unsecured claim to seek modification of a plan "[a]t any time after confirmation of the plan, but before completion of payments under ... [the] plan." Subsection (a)(1) grants these parties the ability to seek, among other things, modification for the purpose of reducing "the amount of payments on claims of a particular class provided for by the plan." The IRS resists the Debtor's attempt to eliminate the interest payments on the grounds that principles of res judicata preclude a review of this issue. If the Debtor's application is denied, then the Plan, as originally confirmed, will retain a balloon payment of $11,290.82 to be paid when the IRS's claim matures in October of 1992. If the modification is granted, the final payment would be reduced to $1,747.63.

Discussion and Conclusions of Law

The IRS contends that the Debtor should be barred from even raising the issue of his ability to modify the plan to exclude the interests payments currently due on the IRS's claim. It argues that in order to modify a plan after confirmation to reduce the amount due to a creditor, the Debtor must demonstrate an unforeseeable and sufficient change in his financial circumstances. *In re Costen*, 39 B.R. 29, 31 (Bankr.W.D.Va.1984); *In re Beasely*, 34 B.R. 51, 54 (Bankr.S.D.N.Y.1983). The IRS further argues that the defense the debtor used in *Hageman*—that interest is not available on unsecured priority liens in Chapter 13—was available to Jourdan when he was seeking confirmation of his case and, thus, *Hageman* does not create a change in Jourdan's circumstances upon which he can rely.

■ This Court believes, however, that the debtor should be granted leave to modify his Plan for two reasons. First, the Debtor could exercise his statutory right to dismiss his Chapter 13 case, then immediately refile another case under the same chapter. In doing so, he would be able to achieve the same result he now seeks. Secondly, it is well established that res judicata does not preclude a party from taking advantage of changes to or clarifications of existing law that occur while his case is pending.

I. Debtor's Ability to Dismiss and Refile a Chapter 13 Case:

■ Congress structured the Bankruptcy Code in a manner that encourages debtors to consider using Chapter 13 reorganization methods first, and then to use Chapter 7 liquidation as an alternate resort. *See* 5 *Collier, supra*, para. 1300.2 at 1300–19. This policy of encouraging use of reorganization stems from Congress' impression that most consumer debtors would rather work out a repayment plan than use straight liquidation. *Id.* at 1300–18. Commensurate with the fact that Chapter 13 is both encouraged and voluntary, section 1307(b) of the Bankruptcy Code gives a Chapter 13 debtor the absolute right to dismiss its case. This right of dismissal is limited only by the requirement that the case had not been converted previously from another bankruptcy chapter. Once dismissed, there is nothing to prevent a debtor from immediately refiling another

Chapter 13 case and seeking confirmation of another plan, so long as the previous dismissal was without prejudice, and the new plan complies with the requirements for confirmation set out in § 1325. *See* 11 U.S.C. § 1329(b)(1) and *Collier, supra,* para. 1307.01 at 1307–19.

If this Court denies Jourdan's application to modify his plan, he could achieve the result he seeks by dismissing and refiling. *See, e.g., In re Stone,* 91 B.R. 423, 425 (Bankr.N.D.Ohio 1988) (debtor could dismiss and refile in order to render a claim unsecured, so court granted leave to modify to accomplish same result). *Hageman* and Collier both demonstrate that the IRS, as an unsecured priority lienholder, is not entitled to interest on its debt. Thus, for reasons of judicial economy, there is no purpose to be served by requiring a different result to follow when the Debtor chooses to modify his pending case rather than achieve the same result through dismissal and refiling. *Matter of Bluford,* 40 B.R. 640, 643 n. 5 (Bankr.W.D.Mo.1984): *In re Stone,* 91 B.R. at 425.

## II. Res Judicata and Intervening Decisions:

■ There is no statutory bar to the Debtor's application for modification. Indeed, § 1329 "contains no requirement of a showing of cause for the modification of a plan." *In re Moseley,* 74 B.R. 791, 799 (Bankr.C.D.Cal.1987). In fact, this section "sets no threshold whatever as to what a moving party must show to modify a plan." *Id.* The requirement that a debtor demonstrate "changed circumstances" in order to modify a plan comes from the legislative history, but even then the proof required is not "particularly burdensome." *Id.* at n. 13. Generally, the legislative history "authorizes modification of a Chapter 13 plan '[i]f a problem arises in the execution of the plan.'" *Id.* (citations omitted). Furthermore, the requirement that a debtor must show a meaningful change in circumstances or establish any other cause has been rejected in favor of a policy that leave to modify should be freely given when justice so requires. *In re Evans,* 66 B.R. 506, 511 (Bankr.E.D.Pa.1986), *aff'd,* 77 B.R. 457 (E.D.Pa.1987). Thus, the argument of the IRS that the Debtor is precluded from seeking modification must be justified, if at all, on the principles of res judicata.

■ The Supreme Court has held that, as a "general rule, ... res judicata is no defense [to rehearing an issue] where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation." *State Farm Mut. Automobile Ins. Co. v. Duel,* 324 U.S. 154, 162, 65 S.Ct. 573, 577, 89 L.Ed. 812; *reh'g denied,* 324 U.S. 887, 65 S.Ct. 856, 89 L.Ed. 1436 (1945). In *Duel,* the Supreme Court rendered another decision during the course of the *Duel* appeal which created a change in the law. And while this Court's decision in *Hageman* did not render a change in the law, it did clarify existing law, and it qualifies as an intervening decision that creates an "altered situation" for the Debtor—Jourdan would ultimately pay nearly $10,000 more under the Plan in its current form, than if his plan had not been confirmed before *Hageman* was decided.

This Court followed *Duel* in *In re Vacation Village,* 49 B.R. 590 (Bankr.N.D.Iowa 1985) (Thinnes, J.). In that case, a creditor was allowed to seek further relief under the stay after the Court of Appeals for the Eighth Circuit disapproved the case this Court had relied upon in making the original *Vacation Village* decision.[1] *Id.* at 591. Judge Thinnes found that the creditor was not restricted by the principles of res judicata, since the circumstances were analogous to those in *Duel.* Likewise, this Court sees no reason why this Debtor should not be able to avail himself of the clarification issued in *Hageman* as the facts of this case also fall squarely within the governing principle of *Duel.*

*Bank of Montevideo,* 719 F.2d 270, 275–76 & n. 7 (8th Cir.1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984).

---

**1.** Judge Thinnes had relied upon the Court's decision in *In re H & W Enterprises, Inc.,* 19 B.R. 582 (Bankr.N.D.Iowa 1982), which was specifically disapproved of in *Johnson v. First National*

This Court's decision to permit Jourdan to modify his plan is consistent with general principles governing a debtor's ability to modify a confirmed plan. The IRS argues that it is a well-established rule that an order confirming a Chapter 13 plan is res judicata as to all justiciable issues which were or could have been decided at the confirmation hearing. *In re Evans*, 30 B.R. 530, 531 (9th Cir. BAP 1983) (citing *In re Lewis*, 8 B.R. 132, 137 (Bankr.D.Idaho 1981). For the most part, however, in the cases cited by the IRS in support of this proposition, a trustee or an unsecured creditor—not the debtor—sought post-confirmation modification of a Chapter 13 plan.[2] Likewise, Collier states:

> A **trustee or unsecured claim holder** may not raise as grounds for modification under this section facts which were known and could have been raised in the original confirmation proceedings, since the order of confirmation must be considered *res judicata* as to that set of circumstances.

5 *Collier, supra*, at 1329–4 (emphasis supplied). A debtor's ability to seek modification is not as greatly restricted as a creditor's, even on issues previously raised. For instance, for a creditor, the confirmation order generally is considered res judicata as to all matters except a debtor's ability to pay. However, the res judicata effect of the confirmation order is subject to "the debtor's right to voluntarily request modification." *Id.* Thus, a debtor is afforded more leeway than a creditor when it comes to modification of a confirmed plan.

This Court's decision to grant the Debtor's request to modify his plan does not mean that it does not recognize the importance of achieving finality of litigation and preventing waste of the court's resources through multiplicitous law suits. *Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 598 (5th Cir.), *cert. denied* 434 U.S. 859, 98 S.Ct. 183, 54 L.Ed.2d 132 (1977). However, "res judicata is a principle of public policy and should be applied so as to give rather than deny justice." ·*Dore v. Kleppe*, 522 F.2d 1369, 1374 (5th Cir. 1975); *reh'g denied*, 526 F.2d 697 (5th Cir. 1976). Granting the Debtor's motion to modify is harmonious with the principle of res judicata that seeks to avoid multiplicitous law suits because it avoids the seemingly inevitable result that the Debtor would dismiss and refile this action.

Because there is no allegation that the Debtor's Plan, if modified, would violate § 1325's requirements for confirmation of a plan, there is no need to address that issue at length. Likewise, the IRS has not made any objections to the Debtor's Plan as originally confirmed. There is no reason, then, why the modified Plan does not comply with § 1325 because the only difference between the original and modified versions is the elimination of interest payments on the IRS's unsecured priority claim, which, under *Hageman*, the IRS is not entitled to receive. Thus, this Court finds that, in accordance with § 1329(b)(1), the Debtor's modified plan complies with § 1325.

The final issue that must be addressed concerns the point at which the exclusion of interest takes effect. The Debtor has cited no authority nor does the Court believe equity requires that the modification be given retroactive effect. It is the belief of the Court that the modification should be effective as of the date of the entry of this order approving the modification. Thus, the plan as originally confirmed, which provided for interest at the rate of 10.5% per annum, will be effective from the date of filing to the date this Court enters the order approving the modification. The Court believes that this result is also required by virtue of the fact that one of the grounds the Court relies upon to support a modification is a possible dismissal and refiling. If the Debtor were to dismiss and refile, he would have to pay interest on the

---

**2.** The IRS cites the following cases where the trustee or unsecured creditor was bringing the modification action: *In re Moseley*, 74 B.R. 791 (Bankr.C.D.Cal.1987); *In re Young*, 76 B.R. 504 (Bankr.E.D.Pa.1987); *In re Evans*, 30 B.R. 530 (9th Cir. BAP 1983) (both creditor and debtor sought relief; IRS was creditor); *In re Wagner*, No. L–87–02143D (Bankr.N.D.Iowa 1988); and *In re Gronski*, 86 B.R. 428 (Bankr.E.D.Pa.1988).

**1024**

IRS claim, under nonbankruptcy law, up to the date of the filing of a new case.

## CONCLUSION

For the reasons set forth above, the Court holds that the Debtor is entitled to modify his confirmed Chapter 13 Plan so as to eliminate the interest payments due on the unsecured priority claim owed to the Internal Revenue Service. The modification will be effective as of the date of the entry of this order. The plan provision which provides for payment of interest at the rate of 10.5% per annum will be effective from the date the case was originally filed up to and including the date of the entry of this order approving the modification. The Internal Revenue Service priority claim, together with interest through the date of this order, less any payments made to date under the plan to the IRS, will then be paid over the remaining life of the plan without interest.

## ORDER

IT IS THEREFORE ORDERED that the Debtor's Proposed Modification of his confirmed Chapter 13 Plan is approved, subject to the provision that the modification will be effective as of the date of this order. The Debtor will be required to pay interest at the rate of 10.5% per annum on the Internal Revenue Service priority claim from the date the case was originally filed through the date of the entry of this order approving the modification of Debtor's Plan.