In re Charles Ray DOANE, Judy Delores Doane, Debtors.

Charles Ray DOANE and Judy Delores Doane, Plaintiffs-Appellees,

v.

APPALACHIAN POWER COMPANY, Defendant-Appellant.

Bankruptcy No. 7-81-00401.
Adv. No. 7-81-0419.
Civ. A. No. 82-0031-A.

United States District Court,
W. D. Virginia,
Abingdon Division.

April 26, 1982.

Richard A. Money, Marion, Va., for plaintiffs-appellees.

Stephen M. Hodges, Abingdon, Va., for defendant-appellant.

James E. Nunley, Bristol, Va., trustee.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The defendant, Appalachian Power Company (hereinafter APCO), appeals the November 27, 1981 Order of the Bankruptcy Court for the Western District of Virginia, which ordered APCO to refund $599.53 to the Trustee for the debtors, James E. Nunley, Esquire. Jurisdiction of this court attaches pursuant to Section 405 of Title IV of the 1978 bankruptcy legislation.[1] For the reasons stated below, the opinion of the Bankruptcy Court is affirmed.

The Bankruptcy Court made the following findings of fact: On April 1, 1981, the debtors filed their joint petition in Bankruptcy Court seeking relief under Chapter 13 and proposed their plan to their creditors. The plan placed all general creditors in one class to be paid 100% of their claims. Upon a hearing, the Bankruptcy Court entered an Order dated May 6, 1981 confirming the plan. The plan provides for the debtors to pay the standing Chapter 13 Trustee $145.00 per month to be distributed by the Trustee to the administrative expense and then to general creditors in accordance with the plan, 11 U.S.C. § 1326 and *Federal Rules of Bankruptcy Procedure* 13–309. There are no secured creditors.

The debtors were summoned to appear before the Bankruptcy Court on October 19, 1981, to show cause why their case should not be dismissed for failure to make their payments to the Trustee. The debtors advised the court that they had been paying APCO on a pre-petition debt for utility services in order to have their service continued. The debtors had paid APCO $599.53 on the pre-petition debt and an additional $150.00 to secure future payments on utility bills.

Counsel for the debtors filed an adversary proceeding to recover the sums paid to APCO. The Bankruptcy Court approved the $150.00 deposit and ordered APCO to refund the sum paid on the pre-petition debt to the Trustee for distribution under the plan.

It appears from the pleadings that the debtors intentionally failed to list APCO as a creditor because they were afraid their electric service would be discontinued. APCO was therefore not a party to the debtors' plan. It further appears that the debtors' electric service was discontinued sometime in July, 1981, and that in order to have the service restored the debtors borrowed money from a relative to pay the balance due on their account.

The debtors alleged in their pleadings before the Bankruptcy Court that APCO knew they had filed a Chapter 13 petition. APCO denied any knowledge of the bank-

---

**1.** Section 405(c)(1)(C) provides:

During the transition period an appeal from a judgment, order, or decree of a United States bankruptcy judge shall be to the district court for the district in which the bankruptcy judge sits.

ruptcy petition and the Bankruptcy Court made its decision on the assumption that APCO had no knowledge of the petition.

Section 1327(a) of the Bankruptcy Code provides:

> The provisions of a confirmed plan bind the debtor and each creditor, *whether or not the claim of such creditor is provided for by the plan*, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a) (emphasis added). The defendant argues that, if this provision is read literally, the creditors' property interests could effectively be extinguished without notice and an opportunity to be heard, in violation of the due process clause in the Fifth Amendment to the Constitution.

However, if a creditor is not included in the debtors' plan, his property rights are not extinguished if he is bound by the provisions of a confirmed plan. First, a creditor who is not included in the plan may, within 180 days after the date of the entry of the order of confirmation, request the court to revoke the order, if the confirmation was procured by fraud. 11 U.S.C. § 1330(a). This gives creditors six months to find out that the debtor is in Chapter 13 bankruptcy and seek to be included in the plan or to revoke the plan. Here, APCO had until November 1, 1981 to request revocation of the plan.

Second, if the creditor misses the 180-day deadline, he may request that the Chapter 13 bankruptcy be converted to a Chapter 7 bankruptcy, or be dismissed, whichever is in the best interests of creditors. 11 U.S.C. § 1307(c). Such a conversion may be granted by the bankruptcy court "for cause." *Id.* Certainly, a creditor who has not been included in the plan has cause for dismissal or conversion.

Finally, the discharge of debts in a Chapter 13 case only discharges those debts which were included in the plan. 11 U.S.C. § 1328(a). Therefore, even if the debtor receives a discharge in bankruptcy, any debts which were not included in the plan survive. Hence, the property interests of those creditors who were bound by the plan, but not included in it, are not extinguished.

Without a provision binding all the creditors to the plan, it would be easy for the debtor to give preferential treatment to a creditor by "failing" to list that creditor in the plan and then making payments to the creditor outside of the plan. This would be detrimental to other creditors and not in keeping with other sections of the Bankruptcy Code which are aimed at avoiding preferential transfers. *See* 11 U.S.C. § 547 and 11 U.S.C. § 549.

The defendant also argues because the debtors borrowed the money used to pay APCO, that money was not "property of the estate" and therefore not recoverable by the trustee. This is clearly erroneous as Section 1306 provides that property of the estate includes property which the debtor acquires after commencement of the bankruptcy proceeding. 11 U.S.C. § 1306(a). Section 1306(b) expressly states that "the debtor shall remain in possession of all property of the estate" except as provided for in the plan, 11 U.S.C. § 1306(b), and once the plan is confirmed, all the property vests in the estate of the debtor. 11 U.S.C. § 1327(b).

The Bankruptcy Code does not make distinctions regarding how a debtor comes into possession of property. Once the money from relatives was paid to the debtors, it was property of the estate. Such property should not have been paid to APCO for several reasons.

First, the plan specifically provided that the debtors were not to dispose of *any* property without leave of the Bankruptcy Court. Therefore, the debtors were in violation of their Chapter 13 plan when they paid APCO.

Second, Section 362 provides an automatic stay on all entities and prohibits "the commencement . . . of a judicial, administrative, or other proceeding against the debtor . . . to recover a claim against the debtor that arose before commencement of the case" in bankruptcy. 11 U.S.C. § 362(a)(1). Section 362(a)(3) prohibits "any act to obtain possession of property of the estate." The stay remains in force until a discharge is granted or denied. 11 U.S.C.

§ 362(c). APCO was thus prohibited from pursuing its claim against the debtors.

Finally, Section 366(a) states that "a utility may not alter, refuse or discontinue service to . . . the debtor solely on the basis that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due." 11 U.S.C. § 366(a). In order to protect the utility the bankruptcy court may order a modification of the amount of the security deposit. In order to adequately assure APCO of payment, the bankruptcy judge allowed APCO to keep the $150.00 deposit and also allowed APCO to file its claim for the amount of the debt in the Chapter 13 proceeding. It is clear from this action the bankruptcy judge did not contemplate that APCO's claim against the estate would be extinguished and that their rights had been preserved.

Accordingly, the decision of the Bankruptcy Court is affirmed.