**In re Horace L. DAVIS, Darnitta W. Davis, Debtors.**

**Bankruptcy No. 82–01427–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Nov. 8, 1983.

John C. Somers, Woodbridge, Va., for debtors.

Gerald M. O'Donnell, Alexandria, Va., trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

A joint petition in bankruptcy under Chapter 13 of the Bankruptcy Reform Act of 1978 ("the Code") was filed by the debtors in this Court on November 5, 1982. Thereafter, the Court confirmed a plan on February 22, 1983. Said plan provided for a 100% payment to secured and a 49% payment to unsecured creditors. Subsequently, debtors filed an amended plan in this Court on May 11, 1983. The amended plan also provided for a 100% payment to secured creditors but reduced the payment to unsecured creditors to 29%. A hearing was held on the amended plan on June 7, 1983. Both plans listed the unsecured creditors, Fort Myer Credit Union and Cameron Station Federal Credit Union, as a single class of unsecured creditors.

Modification of a plan may be requested any time between the confirmation of the plan and the completion of payments under the plan. 11 U.S.C. Section 1329(a). A debtor may modify the plan to "increase or reduce the amount of payments on claims of a particular class provided for by the plan." 11 U.S.C. Section 1329(a)(1). In the instant case, debtors have two classes of creditors, secured and unsecured. There is no discriminatory treatment of creditors within each class under either of the two plans. See 11 U.S.C. Section 1322(a)(3). The legislative history of section 1329 does not indicate that the debtor has the burden of showing a grievous change in circumstances to be entitled to modify the plan. Congress noted that the Bankruptcy Re-

form Act provided for post-confirmation modification of a Chapter 13 plan "[i]f a problem arises in the execution of the plan...." H.Rep. No. 95–595 p. 125 Bankr.-L.Ed., Leg.Hist. § 82:4 (legislative history mentions catastrophic circumstances only when referring to "hardship discharge" allowed under 11 U.S.C. Section 1328(b)). The situation appears to be one which would fall within the intent of Congress as set forth in the legislative history. *Supra.*

A modified plan, however, must comply with the Code's provisions governing the duration, contents, and acceptance of a Chapter 13 plan. 11 U.S.C. Section 1329(b)(1). Furthermore, a modified plan may not provide for payments over a period in excess of three years from the date the first payment was due under the original plan, unless a court, for cause, approves a longer period not to exceed five years from that time. 11 U.S.C. Section 1329(c). In the instant case, the order confirming the original plan provided for payments over a five-year period. Therefore, the payments in the amended plan must be completed before the expiration of the original plan's five-year period. Second, the contents of the modified plan must conform to the Code's sections that governed the original plan. 11 U.S.C. Section 1322(a), (b).

A court must confirm the modified plan in accordance with the standards of 11 U.S.C. Section 1325(a) which governed confirmation of the original plan. As a result, the best-interest of creditors test of 11 U.S.C. Section 1325(a)(4) must be satisfied with respect to each unsecured claim which is to receive reduced payments. Under the amended plan as proposed, the unsecured creditors would receive more, even at the lowered rate, than under a Chapter 7 liquidation proceeding. Under 11 U.S.C. Section 1323(c), made applicable by 11 U.S.C. Section 1329(b)(1), a secured party who has accepted the original plan is deemed to have accepted the modified plan unless the modification alters the rights of the secured party and the secured party withdraws the previous acceptance. 11 U.S.C. Section 1323(c). In the instant case, the secured

creditors' rights remain unaffected and, in addition, the record indicates that the secured creditors agree to the amended plan.

Therefore, the debtors' proposed modification of the plan will be permitted in accordance with 11 U.S.C. Section 1329(a).

An appropriate Order will enter.