In re Michael Kiki GARCIA aka Kiki Garcia individually and fdba Grumpy's Restaurant; Barbara Jean Garcia individually and dba Red Fox Restaurant & Lounge and both as officers, directors and shareholders of Lakeside Inc., Debtors.

**V. Ruby ESTES aka Ruby W. Estes, Applicant,**

**v.**

**Michael K. GARCIA and Barbara J. Garcia, Respondents.**

**No. 83 B 04655 J.**

United States Bankruptcy Court, D. Colorado.

April 20, 1984.

Timothy Quinn, Denver, Colo., for applicant.

John A. Berman, Denver, Colo., for respondents.

Charles Davis, Denver, Colo., for trustee.

#### MEMORANDUM OPINION AND ORDER OF DISMISSAL

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Motion for Relief From Automatic

Stay filed by the Creditor Ruby Estes, and the Response to Motion and Request for Hearing filed by the Debtors.

The first two allegations in the Motion assert that under the Chapter 13 Plan confirmed by this Court, the Debtors were to make current payments to this creditor of $2,249.33 each month outside the plan and that no such payments have been made for the months of January, February or March, 1984. The Debtors, in their Response, admit these allegations.

 Based upon Judge Moore's (now a United States District Court Judge for the District of Colorado) decision in *Arvada 1st Industrial Bank v. Richardson,* Proceeding No. 81 K 2211, unpub. October 29, 1981, which is attached hereto as an Appendix, and based upon the Debtors' admissions, *supra,* it is

ORDERED that the Motion for Relief from Automatic Stay is considered to be a Motion to Dismiss Chapter 13 Proceeding, and said Motion is granted and the within case be, and hereby is dismissed.

FURTHER ORDERED that the Standing Trustee shall file her final report within 90 days of the date of this Order.

## APPENDIX

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re ) | |
| PERCY JAMES RICHARDSON and ) | |
| JOHNNIE VENELL RICHARDSON, ) | Case No. |
| Debtors. ) | 81 B 03417 K |
| ) | |
| ARVADA 1ST INDUSTRIAL BANK, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Proceeding No. |
| PERCY JAMES RICHARDSON and ) | 81 K 2211 |
| JOHNNIE VENELL RICHARDSON, ) | |
| Defendants. ) | |

## ORDER DENYING MOTION
## FOR REHEARING

JOHN P. MOORE, Bankruptcy Judge.

THIS MATTER arises upon Plaintiff's motion for rehearing following dismissal of its complaint for relief from stay. The motion is predicated upon the assertion that failure to make payments to a secured creditor which were to be made "outside the plan" is "cause" within the meaning of 11 U.S.C. § 362(d)(1) for granting relief from stay. Additionally, it is argued that a payment "outside the plan" is not a debt provided for by the plan; therefore, failure to make payment to the creditor whose debt is dealt with "outside the plan" is not a default which subjects the case to dismissal under 11 U.S.C. § 1307(c)(5).

It should be observed that pursuant to § 1307(c)(5), a dismissal can be predicated upon a "material default by the debtor with respect to a *term* of a confirmed plan." (emphasis added) Thus, Plaintiff's theory can be supported only if treatment of the Plaintiff's debt is not contained in a "term" of the plan.

 I think the contrary is obvious. The plan refers to Plaintiff's debt and states that it will be paid "outside the plan", thus the amount and manner of the payment are clearly a provision of the plan. The Debtors' utilization of the phrase "outside the plan" does not put the treatment of the claim beyond the plan simply because payment is not to be made through the Chapter 13 Trustee. The payment so provided is as much a "term" of the plan as any of its other provisions.

It seems apparent to me that this whole problem is the creature of that wornout and unfortunately anomalous phrase "outside the plan". Use of the phrase in the plan simply distorts fact, for what is really meant is payments are to be made directly to the creditor. Perpetuation of the anomaly does disservice to reality, but it certainly does not place treatment of the claim beyond the purview of the plan.

Indeed, if providing for payments directly to the creditor were not accomplished by a "term" of the plan, the instant plan could not have been confirmed. By offering to make payments directly to the secured creditor, and by obtaining the acceptance of that form of treatment, the Debtors have satisfied 11 U.S.C. § 1325(a)(5)(A). Without such a provision, the Debtors would have been required to satisfy the

secured debt by payments in accordance with § 1325(a)(5)(B) or by return of the collateral as provided in § 1325(a)(5)(C). There were no alternatives.

When the means for satisfaction of a secured claim is dealt with in a plan, how can it be logically argued the claim has not been "provided for by the plan"? [§ 1325(a)(5)] Are we to close our eyes and ignore what is achieved by the plan simply because the person drafting its language said payment of the claim was to be made "outside the plan"? Obviously not, for what is written exists and cannot be ignored. To suggest the contrary is preposterous.

In this regard, I am convinced that one must be governed by what the plan accomplishes, and not by what it says. What is accomplished here is the direct payment of a creditor. That payment is without doubt accomplished by means of the plan, hence the accomplishment must be a "term" of the plan.

 When a debtor fails to make a payment directly to a creditor as provided in the plan, the debtor has defaulted in part of what the plan promises to accomplish. That default is no different from a failure to make monthly payments, a failure to return collateral, a failure to provide for insurance upon the collateral, or a failure to perform any other provision of the plan. A debtor who fails to make payments directly to a creditor in accordance with a plan should not be entitled to special treatment, for that debtor's default is no different from any other form of default. If that default is material, the debtor's case must be dismissed. Forcing a creditor who was to receive direct payments to go through the time and expense of filing a complaint for relief from stay is neither warranted nor just when relief is clearly available and required by other means.

By the same token, as such relief is available by other means, a plan default is not "cause" within the context of § 362. Granting a secured creditor the right to proceed by foreclosure to the immediate collection of its debt, while making others wait for payments under a plan which is in default is not the purpose of § 362. After confirmation all creditors are bound by the plan, 11 U.S.C. § 1327(a). Thus, each creditor should be paid in accordance with the terms of the plan or the plan should be dismissed. If one creditor is permitted to escape the onus of the debtor's confirmed plan, those who remain bound are not treated in accordance with § 1327(a).

For these reasons, it is

ORDERED that Plaintiff's motion for rehearing be and it is hereby denied.

DATED: October 29, 1981